I concur with the result and also with the reasoning of the prevailing opinion on provisions (1) and (3). *Page 142 
I make some limitations to my concurrence on (2) which is to the effect that the court erred in ordering the two estates administered jointly. On that proposition the prevailing opinion holds that the trial court erred in ordering the two estates administered jointly because the statute, Sec. 102-4-6, U.C.A. 1943, provides that:
"In all cases where the estate left by a deceased person has descended from another deceased person whose estate has never been probated, * * * the court may grant letters of administration upon such estates jointly, * * *,"
and it interprets the term "the estate" as used in this statute to mean the entire estate of the person who died last must have descended from a person who had died before and does not mean merely a part of such estate had so descended. Since the entire estate of Samuel Henry Martin did not descend to him from his wife who died before he did, but only a part thereof this case does not come within the provisions of the statute and since there was timely objection made to the order that these two estates be administered jointly the court erred in making such an order. I concur with such holding and since that is all that is necessary to hold in order to dispose of this proposition, my concurrence is limited thereto.
I concur with this construction of the statute somewhat reluctantly because I feel that it excludes from the provisions of the statute many estates which have been thought to come within its provisions. The grounds on which I reach this construction are those stated in the prevailing opinion and also those stated by Mr. Justice WOLFE in his concurring opinion.
While it is probably not involved in this case, I also agree with the statement by Mr. Justice Wolfe in his concurring opinion to the effect that if two or more estates were probated jointly without objection thereto, such proceedings would not be invalid for lack of jurisdiction even though the joint probate of such estates is not authorized under this statute. *Page 143